EBENEZER G. WHITING, *Appellee,*

*vs.*

EDWIN GOULD & JAMES R. HAWKINS, *Appellants.*

This court will not suppress testimony used on the hearing of a cause in chancery in the court below, on account of any objections to the character or competency of the evidence, which was known to the parties, at the time of the hearing, and not then objected to.

Whether, when the right or title of a party was sustained on the hearing below, wholly or mainly upon testimony drawn from an incompetent or infamous source, and the character of the evidence only became known to the opposite party after an appeal taken, such testimony will be suppressed here: Quere?

It is a general and well-established rule, that the cause must be heard in the appellate court upon the same evidence, upon which it was heard in the court below.

Depositions will not be suppressed, here, for the reason that the deponents were, at the time of the taking, solicitors for the party in whose behalf they were taken and used, when that fact was known to the opposite party at the time of the taking and the using of the depositions, and no objection made.

Nor will such depositions be suppressed, in the appellate court, for the reason, that subsequent to the time of testifying, and subsequent to the decree below, the witnesses have acquired an interest in the event of the suit.

This is a motion to suppress the depositions of M. B. Butterfield and Champion S. Chase, taken in this cause and used on the hearing below.

*E. G. Ryan and F. Randall,* for the motion.

*M. B. Butterfield and J. R. Doolittle,* contra.

*By the Court,* SMITH, J. The grounds for the motion are:

1. That the witnesses aforenamed, were interested in the event of the suit at the time of testifying, which interest was unknown to the defendants at the time,

June Term
1853.

Whiting
vs.
Gould and
Hawkins.

and did not become known to them until after the removal of this cause to this court by appeal.

2. The said Butterfield and Chase were the solicitors of the complainant, in the cause, at the time of testifying.

To sustain this motion, there is presented and filed with it, the affidavit of Thomas Fuller, who states therein, that within the last three months he has had several conversations with the complainant, to the effect, that the said complainant had agreed with Messrs. B. and C. to undertake and prosecute his cause, and, if successful, to give them a certain share of the property which is the subject matter of the suit, and, if unsuccessful, they were to have nothing for their services, &c.

The defendants also file with their motion a certified copy of a mortgage upon the premises, the subject matter of the suit, bearing date the 11th day of December, 1852, executed by the complainant, to the said Butterfield and Chase, to secure the payment of $2,000, in six months from date, which was received for record the 4th day of January, 1853.

This motion is resisted by the complainant, and several affidavits are produced to answer the premises of the motion. Butterfield and Chase, in their affidavit, deny fully, their interest at the time of testifying in the cause, and aver that the mortgage was given to secure the sum named in it, in consummation of an agreement, made after a decree of the court below ; and that they were induced to take the same by the urgent advice and solicitation of their friends. They deny, explicitely, any understanding or agreement with the complainant, in regard to their compensation, and altogether, the substance of the statements of Fuller, &c.

June Term, 1853.

Whiting
vs.
Gould and
Hawkins.

They also read the affidavit of Ebenezer G. Whiting, who denies, fully, the conversations alleged in Fuller's affidavit, as well as that of two or three others, in support of Butterfield and Chase, in relation to the taking of the mortgage.

We think the affidavits offered and read by the complainant's counsel, fully meet and answer the allegations in support of the motion; and that the interest of the witnesses named, B. & C., at the time of their testifying, is not established; and for that reason, the motion must be denied.

In regard to the *time* of this motion, and the power of the court to entertain it, it is sufficient for this occasion to remark, that it is doubtless a general and well established rule, that the cause must be tried in the appellate court, upon the same evidence upon upon which it was tried below.

We do not say, nor does this motion furnish us the occasion or means of determining what would be our judgment in a case where the right or title of a party below, was sustained, wholly or mainly, by testimony drawn from an interested or infamous source, and the character of the evidence only became known to the opposite party, after the appeal, and should be unequivocally established here.

These considerations also prevent us from entertaining the question in regard to the objection to the testimony of Messrs. B. & C., on the ground that they were solicitors in the cause. That fact certainly was known to the defendants at the time the testimony was taken, and no objection was made on that ground, or, indeed, on any other. We are, therefore precluded from considering it at this time.

Whenever that question is fairly brought before

this court, it is to be hoped, it will meet and dispose of it in full view of its obligations and duties, to all the interests and principles which it involves.

The motion is denied.